UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MICHAEL GRESHAM,

                    Plaintiff,                        Case No. 1:25-cv-928

v.                                                    Honorable Robert J. Jonker

PRINCEWELL ONWERE et al.,

                    Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff

has filed a motion for leave to proceed *in forma pauperis*. (ECF No. 2.) However, Plaintiff is barred

from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). Where a plaintiff is ineligible for

*in forma pauperis* status under 28 U.S.C. § 1915, "he must make full payment of the filing fee

before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002).

Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious, or for

failure to state a claim, and Plaintiff has not demonstrated that he is in imminent danger of serious

physical injury to allow him to proceed *in forma pauperis* in this action. Further, Plaintiff has not

paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma*

*pauperis*.[1] Accordingly, for the reasons set forth below, this action will be dismissed without

---

[1] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $55.00. 28 U.S.C. § 1914(b); https://www.uscourts. gov/services-forms/fees/district-court-miscellaneous-fee-schedule. However, the miscellaneous administrative fee "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." https://www.uscourts.gov/services-forms/fees/ district-court-miscellaneous-fee-schedule.

prejudice pursuant to 28 U.S.C. § 1915(g). The Court will also deny Plaintiff's motion to appoint counsel (Compl., ECF No. 1, PageID.6).

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process,

2

and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In well more than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious or failed to state a claim. *See Gresham v. Caruso*, No. 2:10-cv-196 (W.D. Mich. Oct. 27, 2011); *Gresham et al. v. Canlis*, No. 2:11-cv-179 (W.D. Mich. July 29, 2011); *Gresham v. Paine*, No. 1:10-cv-1146 (W.D. Mich. Mar. 8, 2011); *Gresham v. Caruso*, No. 1:10-cv-1038 (W.D. Mich. Jan. 26, 2011); *Gresham v. Wolak*, No. 2:10-cv-239 (W.D. Mich. July 25, 2011); *Gresham v. Verville*, No. 2:10-cv-198 (W.D. Mich. Jan. 19, 2011); *Gresham v. Caruso*, No. 2:10-cv-195 (W.D. Mich. Apr. 11, 2011); *Gresham v. Mich. Dep't of Corr.*, No. 2:07-cv-241 (W.D. Mich. June 9, 2008).

Plaintiff also has been denied leave to proceed *in forma pauperis* on the basis of the three-strikes rule in numerous cases. *See, e.g.*, *Gresham v. Hemmer*, No. 1:23-cv-1110 (W.D. Mich. Oct. 25, 2023); *Gresham v. Beauvais*, No. 1:23-cv-600 (W.D. Mich. June 15, 2023); *Gresham v. Crompton*, No. 1:22-cv-1048 (W.D. Mich. Feb. 8, 2023); *Gresham v. Akins*, No. 1:22-cv-1016 (W.D. Mich. Feb. 23, 2023); *Gresham v. Akins*, No. 1:22-cv-1015 (W.D. Mich. Feb. 1, 2023); *Gresham v. Grahn*, No. 1:21-cv-214, 2021 WL 972811 (W.D. Mich. Mar. 16, 2021); *Gresham v. Gauderer*, No. 1:19-cv-802 (W.D. Mich. Nov. 15, 2019); *Gresham v. Falk*, No. 2:19-cv-161 (W.D. Mich. Oct. 10, 2019); *Gresham v. Meden*, No. 2:18-cv-8 (W.D. Mich. June 7, 2018); *Gresham v. Miniard*, No. 1:16-cv-427 (W.D. Mich. June 7, 2016); *Gresham v. Christiansen*, No. 1:16-cv-428 (W.D. Mich. May 13, 2016); *Gresham v. Austin*, 2:16-cv-71 (W.D. Mich. May 2, 2016); *Gresham v. Jenkins*, No. 2:15-cv-11640, 2015 WL 3403942 (E.D. Mich. May 26, 2015); *Gresham v. Yunker*, No. 2:13-cv-221 (W.D. Mich. Aug. 29, 2013); *Gresham v. Nader*, 2:13-cv-

212 (W.D. Mich. July 22, 2013); *Gresham v. Napel*, No. 2:13-cv-176 (W.D. Mich. June 12, 2013);

*Gresham v. Romanowsky*, No. 2:12-cv-15489 (E.D. Mich. May 10, 2013); *Gresham v. Johnson*,

No. 2:13-cv-10351, 2013 WL 1703897 (E.D. Mich. April 19, 2013); *Gresham v. Romanowski*,

No. 2:12-cv-14881 (E.D. Mich. January 7, 2013); *Gresham v. Prelesnik*, No. 1:12-cv-276 (W.D.

Mich. July 2, 2012); *Gresham v. Czop*, No. 1:12-cv-494, 2012 WL 2317558 (W.D. Mich. June 18,

2012); *Gresham v. Heyns*, No. 1:12-cv-277 (W.D. Mich. Apr. 11, 2012); *Gresham v. Snyder*,

No. 1:12-cv-143 (W.D. Mich. Mar. 6, 2012); *Gresham v. Mutschler*, No. 2:12-cv-12 (W.D. Mich.

Apr. 20, 2012); *Gresham v. Snyder*, No. 2:12-cv-22 (W.D. Mich. Mar. 30, 2012); *Gresham v.

Mutschler*, No. 2:12-cv-9 (W.D. Mich. Feb. 10, 2012); *Gresham v. Snyder*, No. 2:12-cv-5 (W.D.

Mich. Jan. 27, 2012); *Gresham v. Violetta*, No. 2:12-cv-24 (W.D. Mich. Feb. 6, 2012); *Gresham

v. Dahl*, No. 2:12-cv-21 (W.D. Mich. Feb. 6, 2012); *Gresham v. Napel*, No. 2:11-cv-520 (W.D.

Mich. Feb. 6, 2012); *Gresham v. LaChance*, No. 2:11-cv-231 (W.D. Mich. June 24, 2011); *Dennis

v. Canlis*, No. 2:11-cv-186 (W.D. Mich. June 6, 2011).

Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the

three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general

requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or
> prison condition must be real and proximate and the danger of serious physical
> injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x
> 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's
> assertion that he or she faced danger in the past is insufficient to invoke the
> exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488,
> 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the
> exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions
> of past danger will not satisfy the 'imminent danger' exception."); *cf*. [*Pointer v.
> Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is
> insufficient for the imminent-danger exception).

> In addition to a temporal requirement, we have explained that the allegations must
> be sufficient to allow a court to draw reasonable inferences that the danger exists.

4

> To that end, "district courts may deny a prisoner leave to proceed pursuant to
> § 1915(g) when the prisoner's claims of imminent danger are conclusory or
> ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level
> of irrational or wholly incredible." *Rittner*, 290 F. App'x at 798 (internal quotation
> marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations
> that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes
> of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of

imminent danger is subject to the same notice pleading requirement as that which applies to

prisoner complaints. *Id.* Consequently, a prisoner must allege facts in the complaint from which

the Court could reasonably conclude that the prisoner was under an existing danger at the time he

filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC)

at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. The events

about which he complains, however, occurred at the Marquette Branch Prison (MBP) in

Marquette, Marquette County, Michigan and the Oaks Correctional Facility (ECF) in Manistee,

Manistee County, Michigan. Plaintiff sues MBP Psychiatrist Terry Meden, and the following ECF

staff: Psychiatrist Princewell Onwere, Psychiatrist Kirtada Patel, Psychiatrist Ismail Emani,

Psychiatrist Mark Joul, Psychologist Margaret Greiner, Master Social Worker Sierra Dunlap,

Mental Health Worker Morgan Brown, Psychologist Matthew Ensing, Unit Chief Brian

Majerczyk, Psychologist Danielle Arthur, Psychologist Anxa Lewis, Psychologist Helen Pleasant,

and Psychologist Unknown Wheeler. (Compl., ECF No. 1, PageID.2–3.)

In this action, Plaintiff alleges that Defendants forced him to take psychotropic medications

with serious side effects "because he was filing too many lawsuits, grievances, [and] PREA

complaints." (*Id.*, PageID.4.) However, even assuming that Plaintiff had been in imminent danger

at one time, "an otherwise ineligible prisoner is only eligible to proceed [in forma pauperis] if he

is in imminent danger *at the time of filing.*" *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) (quoting *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (emphasis in *Ashley*)). At the time that he filed his complaint, Plaintiff was confined to IBC. (*See* Compl., ECF No. 1, PageID.7.) Because Plaintiff's complaint concerns events that occurred in the past at MBP and ECF, and because Plaintiff is no longer confined at the facilities where he claims that Defendants are employed, Plaintiff cannot demonstrate that he faces an imminent danger of serious physical injury at the time that he filed his complaint.

Accordingly, Plaintiff is barred from proceeding *in forma pauperis* under § 1915(g). Plaintiff also has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*. The Court will therefore dismiss this action without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)."). Plaintiff is free to refile his complaint as a new action in this Court if he submits the filing fees at the time that he initiates the new action.

In his complaint, Plaintiff also requests that the Court appoint counsel. (Compl., ECF No. 1, PageID.6.) Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604–05; *see Mallard v. U.S. Dist. Ct.*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the

issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. The Court has carefully considered these factors and determines that the assistance of counsel does not appear necessary to the proper presentation of Plaintiff's position at this time. Plaintiff's request for appointment of counsel, (Compl., ECF No. 1, PageID.6), will, therefore, be denied.

## Conclusion

For the foregoing reasons, the Court will deny Plaintiff leave to proceed *in forma pauperis*. The Court will dismiss this action without prejudice to Plaintiff's right to refile his complaint as a new action in this Court with the full civil action filing fees.[2] The Court will also deny Plaintiff's motion to appoint counsel (Compl., ECF No. 1, PageID.6).

For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Further, should Plaintiff appeal this decision, he must pay the full appellate filing fee in a lump sum, because he is prohibited from proceeding *in forma pauperis* on appeal by 28 U.S.C. § 1915(g).

An order and judgment consistent with this opinion will be entered.

Dated:   August 25, 2025                            /s/ Robert J. Jonker
                                                    Robert J. Jonker
                                                    United States District Judge

---

[2] Because Plaintiff has the opportunity to refile his complaint as a new action in this Court by paying the full civil action filing fees at the time of filing the new action, the Court will not assess the district court filing fees in the present action.